Curia, per

O’Neall, J.
This Court concurs with the Judge below in his ruling, that the evidence offered by defendant to shew combination between him and his son, the ancestor of the plaintiffs, in the execution of the deeds, to defeat the defendant’s creditors, was inadmissible ; and to his reasoning in that particular, it would be a work of supererogation to -undertake to add a word.
It is a mistake to suppose, that the parties being in pari delic-to, the Court will refuse the remedy demanded by the plaintiffs. The deed, as between the son and his father, is perfectly good. *498 The defendant, by a stern, but a proper policy of the law, is excluded from the proof which would shew the fraud. He is, in this respect, the actor ; his fraud silences and estops him from averring against the deed.
I am free to confess, that I think a case might be made out by one similarly situated with the defendant, where a re-conveyance might be presumed, and where there had been a long possession in the grantor, accompanied by acts, or admissions of the grantee, unequivocally conceding the title to be in the grantor. But here the proof proposed, did not come up to this rule, and hence could prove nothing.
The only matter deserving serious consideration, is that which, questions the sufficiency of the verdict. The 4fcth rule of Court, which requires a surveyor “ to represent ih> his plat, as nearly as he can, the different enclosures of the patties, and the extent or boundaries, within which each party may have exercised acts of ownership,” was certainly intended to give the Court the means of making verdicts certain, where they depended upon the statute of limitations, and perhaps affords a presumption that the surveys made under the rule of Court, were otherwise supposed to be certain enough. It was once supposed a survey in all cases of trespass to try titles was necessary, and without it no verdict could be rendered. But Frean ads. Cruikshanks, (3 McC. 84,) destroyed that. The same ruling was repeated in Thomas & Ashby vs. Jeter & Abney (1 Hill, 380.)
Ever since Frean ads. Cruikshanks, parties have, when they chose, been permitted to run the risk of making out a location, without a survey.
It is not necessary in a declaration to describe a close by its abuttals, or to give it any precise identity; it may be described as a close lying in Sumter district. If the defendant owns any land in that district, he may, by pleading liberum tenementum, drive the plaintiff to the necessity of new assigning, and describing the close by its abuttals. In general, however, it is best to give in the declaration, as precise a description of the land in dispute as possible. That was done here.
*499 The surveyor’s plat was made up of such uncertain means, that of course no confidence could he placed in it.
The description in the declaration corresponded with the deeds, and the verdict refers to them for the description of the land found.
I perceive no objection to that, for it is only adopting one portion of the evidence, to define the locus in quo, instead of another. The surveyor’s plat is evidence in the cause, and so are the deeds.
Runnington, in his treatise on Ejectment, 247, speaking of special verdicts, says : “ verdicts are not to be taken strictly, like pleadings ; on the contrary, the Court will collect the meaning of the jury, if they give such a verdict that they can understand them.” This rule,-applicable to special verdicts, must equally apply to a general verdict.
Taking that as our guide, on reading this verdict, and looking to the record whe.re the lands are described, and ascertaining, from the Judge’s certificates and the dates of the deeds, that they were given in evidence, and are referred to by the jury to ascertain more definitely the locus in quo, what is to prevent us from giving effect to the verdict 1 It is substantially the finding of the land in dispute for the plaintiffs, with damages. That such a verdict is good, is plain from Frean ads. Cruikshanks and Thomas & Ashby vs. Jeter & Abney.
The only object of defining by a survey, or other certain matter, the land recovered, was to give precision and certainty to the writ of habere facias possessionem. But, it seems, there is no necessity for this; for the plaintiffs are bound “not only to point out to the sheriff, that of which, in execution of the writ, he is to deliver them possession, but to take possession, at their peril, of only that, to which they have title.” (Run. on Eject. 432.)
The motion in arrest of judgment, or for a new trial, is dismissed.
Evans and Whitner, JJ., concurred.